IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
October 23, 2007

**ELLIS JUNIOR BURNETT v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Cannon County**
**No. F-24006   Don R. Ash, Judge**

---

**No. M2007-00572-CCA-R3-PC - Filed February 29, 2008**

---

JOSEPH M. TIPTON, P.J., concurring.

I agree with the results reached and most of the reasoning in the majority opinion. However, I respectfully disagree with the majority opinion's conclusion that the fact that the trial court had a duty to instruct the jury on applicable lesser included offenses foreclosed a claim of ineffective assistance of counsel based upon counsel's failure to request such instructions.

The cases cited in the majority opinion got their seed from Yasmond Fenderson v . State, No. E2001-01088-CCA-R3-PC (Tenn. Crim. App. May 2, 2002), in which this court noted that the trial court, after concluding the proof did not warrant instruction on lesser included offenses, "commented that, given the statutory duty placed upon a trial court to charge all applicable [lesser included] offenses even in the absence of a defense request, trial counsel did not deficiently perform; rather, any deficiency of performance in failing to press the instruction issue would have to be attributed to appellate counsel." Id. slip op. at 5. Although this court noted that the obligation to instruct on lesser included offenses shown by the evidence was "free-standing" and not dependent upon a defendant's request, this was not the basis of the court's holding. Instead, this court held that the petitioner failed to prove that "trial counsel's affirmative actions to dissuade the trial court from giving the instructions" were not informed, tactical choices. Id. slip op. at 6-7. Subsequently, in Terry David Stephens v. State, No. M2001-01036-CCA-R3-PC (Tenn. Crim. App. Dec. 30, 2002), this court held that because it was the responsibility of the trial court to instruct on appropriate lesser included offenses, the claim of ineffectiveness of counsel because of a failure to request such instructions failed. The court stated: "As was explained in Yasmond Fenderson v. State, No. E2001-01088-CCA-R3-PC, 2002 WL 832205, at *5 (Tenn. Crim. App. May 2, 2002), perm. to appeal denied (Tenn. Oct. 7, 2002), in resolution of a similar claim, the 'obligation to instruct as to these lesser included offenses was free-standing and not dependent upon the defendant's request for the instructions.'" Id. However, Fenderson did not hold the same way as Stephens.

I acknowledge that I have joined in an opinion holding as Stephens did. See Chivous Robinson v. State, No. E2005-01036-CCA-R3-PC (Tenn. Crim. App. May 19, 2006), app. denied (Tenn. Oct. 2, 2006). Upon reflection, though, I have concluded that the obligation of zealous advocacy required of an attorney in defending a criminal case is not lessened by the duties imposed upon other participants in the criminal justice system. In fact, counsel's task will involve attempting to ensure that the trial judge and the prosecution comply with the duties imposed upon them by statute, rule, or case law. Ensuring that appropriate instructions regarding lesser included offenses are given is a basic duty of counsel. I am bolstered in my belief by our supreme court's holding in Wiley v. State, 183 S.W.3d 317 (Tenn. 2005), involving post-conviction relief from a felony murder conviction. Although noting that the trial court was obligated to instruct the jury regarding proven lesser included offenses, the court held that "counsel was deficient in failing to request an instruction on second degree murder and in failing to preserve the issue for appeal." Id. at 331.

I concur in the result in this case because the record reflects that the circumstances were similar to those existing in Yasmond Fenderson. That is, trial counsel, with the petitioner's agreement, requested the trial court not to instruct the jury regarding facilitation of aggravated robbery. In this regard, the petitioner failed to prove that counsel's request was not an informed, tactical choice.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE